Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TYSON BURT JONES,<br><br>　　　　　　Defendant. | No. CR10-46RAJ<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

## I. INTRODUCTION

This matter comes before the court on Defendant Tyson Burt Jones' *pro se* motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG") (Dkt. #38). Plaintiff United States of America opposes the motion (Dkt. #47). The court has thoroughly considered the parties' briefing, the relevant record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Jones' motion for the reasons stated below.

## II. BACKGROUND

Defendant Tyson Burt Jones was sentenced by this court on September 17, 2010, following his plea of guilty to possession with intent to distribute oxycodone.

At that time the court calculated Defendant's Total Offense Level as 29, because he qualified as a career offender. Pursuant to his career offender status,

---

[1] No party has requested it, and the court finds oral argument to be unnecessary.

Defendant's Criminal History Category was set at VI. At Total Offense Level 29 and Criminal History Category VI, Defendant's resulting Guidelines range was 151 to 188 months. This was the range adopted by the court. The court then varied downward significantly from that range on the basis of 18 U.S.C. § 3553(a) factors and the parties' recommendations, among other factors, and imposed a sentence of 84 months' imprisonment.

## III.  DISCUSSION

### A.  Legal Standard

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the Defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

### B.  Defendant's Motion

Following the recent amendments to the Sentencing Guidelines, Defendant's sentencing range has not changed. This is because it was not based on a provision in

§ 2D1.1 which has been amended. The career offender provisions of § 4B1.1 are unaffected by the recent amendments, and Defendant's offense level and resulting sentencing range remain exactly as they were at the time of sentencing. Section 1B1.10 directs: "The court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG § 1B1.10 (b)(1). Accordingly, Defendant does not meet the first requirement for eligibility for a reduction.

In addition, Defendant's sentence is already well below the applicable sentencing range, calculated using the amended Guidelines. Even if he were eligible for some relief, the court is not authorized to reduce his sentence below the low end of the range. For this reason also Defendant is not eligible for a retroactive reduction based on Amendments 782 and 788.

## IV. CONCLUSION

For the above reasons, Defendant Tyson Burt Jones' *pro se* Motion to Reduce Sentence (Dkt. #38) is DENIED.

DATED this 8th day of June, 2015.

_____
The Honorable Richard A. Jones
United States District Judge